**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HECTOR CASILLAS, <br><br> Plaintiff, <br><br> v. <br><br> AURORA LOAN SERVICES LLC, ET AL., <br><br> Defendants. | 1:09-CV-1595-OWW-DLB <br><br> ORDER TO SHOW CAUSE RE: DISMISSAL OF UNSERVED DEFENDANTS |

On September 9, 2009, Defendant Aurora Loan Services LLC, removed this case to federal court. (Doc. 1.) The notice of removal included a copy of the state court complaint. Subsequently, Plaintiff stipulated to dismissing, with prejudice, Aurora Loan Services LLC from this case. (Doc. 17.) The remaining named defendants in this case – Homecomings Financial, Stephanie Ruiz dba Family Lending Center, and MILA dba Mortgage Investment Lending Associates – did not join in the removal. As reflected in the notice of removal (Doc. 1 at 4), and as otherwise indicated by the record (Doc. 20), the remaining defendants have not yet been served with the state court complaint.

A plaintiff who, prior to removal, has not served or perfected service on one or more of the defendants may serve process after removal pursuant to the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1448. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action

1

> without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

For named unserved defendants, Rule 4(m) requires the plaintiff to serve them within a 120 days after the notice of removal is filed. *See Vazquez v. N. County Transit Dist.*, 292 F.3d 1049, 1053 & n.3 (9th Cir. 2002); *Rhodes v. Electronic Data Sys. Corp.*, No. CIV S-06-1715 MCE EFB PS, 2006 WL 2830165, at *2 (E.D. Cal. Sept. 29, 2006).

The notice of removal was filed on September 9, 2009, more than 120 days ago, and the remaining defendants have not been served. At this juncture, under Rule 4(m), "the court-- . . . on its own after notice to the plaintiff" must either "dismiss the action without prejudice against" the unserved defendants or "order that service be made within a specified time." The latter must be done if the plaintiff shows "good cause" for the service failure. As explained in *In re Sheehan*:

> Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period.

253 F.3d 507, 512 (9th Cir. 2001) (internal citations omitted).

Plaintiff is ORDERED TO SHOW CAUSE, in writing, by March 25, 2010, why the unserved defendants should not be dismissed pursuant to Rule 4(m). Plaintiff's writing should address whether good cause exists to extend the time period for service. The Initial Scheduling Conference, currently set for April 9, 2010, is VACATED

and, if necessary, will be reset after this matter is resolved.

IT IS SO ORDERED.

Dated:   March 18, 2010                             /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE