UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| HECTOR CASILLAS, | 1:09-CV-1595-OWW-DLB |
|---|---|
| Plaintiff, | ORDER RE: SERVICE OF PROCESS |
| v. | |
| AURORA LOAN SERVICES LLC, ET AL., | |
| Defendants. | |

On September 9, 2009, Defendant Aurora Loan Services LLC, removed this case to federal court. (Doc. 1.)  The notice of removal included a copy of the state court complaint.  Subsequently, Plaintiff stipulated to dismissing, with prejudice, Aurora Loan Services LLC from this case. (Doc. 17.)  The remaining named defendants in this case – Homecomings Financial, Stephanie Ruiz dba Family Lending Center, and MILA dba Mortgage Investment Lending Associates – did not join in the removal.  As reflected in the notice of removal (Doc. 1 at 4), and as otherwise indicated by the record (Doc. 20), the remaining defendants have not been served with the state court complaint.

On March 18, 2010, an order issued requiring Plaintiff to show cause, in writing, by March 25, 2010, why the named unserved defendants should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 21.)  Plaintiff was directed to address whether good cause exists to extend the time period for service.  Plaintiff timely responded to the order to show cause. (Docs. 22 & 23.)  In Plaintiff's response, Plaintiff

explains that "Plaintiff's counsel previously had intended to timely serve the Summons, but then spent time on case related collateral issues including a preliminarily investigating of the other defendants to ensure that it was still advantageous to serve those defendants: we are still obtaining more information about one of the defendants, but plan to have a process servers serve the Summons within the week of an order providing an extension." (Doc. 23 at 4.)

> Pursuant to Rule 4(m):
>
> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

For named unserved defendants, Rule 4(m) requires the plaintiff to serve them within 120 days after the notice of removal is filed. *See Vazquez v. N. County Transit Dist.*, 292 F.3d 1049, 1053 & n.3 (9th Cir. 2002); *Rhodes v. Electronic Data Sys. Corp.*, No. CIV S-06-1715 MCE EFB PS, 2006 WL 2830165, at *2 (E.D. Cal. Sept. 29, 2006). As explained in *In re Sheehan:*

> Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period

253 F.3d 507, 512 (9th Cir. 2001) (internal citations omitted).

In light of Plaintiff's response to the order to show cause, regardless of whether "good cause" technically exists under Rule 4(m) for not serving the remaining defendants within 120 days after

**the notice of removal was filed, discretion is exercised to extend the date by which service must be accomplished.  Plaintiff shall have until April 30, 2010, to effectuate service of process on the named unserved defendants.  Otherwise, any named unserved defendant will be dismissed without prejudice.**

IT IS SO ORDERED.

**Dated:   April 22, 2010**                               /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE