IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CASILLAS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>STEPHANIE RUIZ, et al.,<br><br>　　　　　　Defendants. | 1:09-CV-1595  AWI DLB<br><br>ORDER ON PLAINTIFF'S MOTION TO STRIKE AND ORDER REMANDING MATTER<br><br>(Doc. Nos. 104, 105) |

　　　　This case involves allegations of fraudulent conduct by Defendants against Plaintiff in connection with a home mortgage application.  Currently before the Court is Plaintiff's motion to strike an answer.

**<u>Background</u>**

　　　　This case was removed from the Fresno County Superior Court by Aurora Loan Services on the basis of federal question jurisdiction.  <u>See</u> Doc. No. 1.  On December 2, 2009, Judge Wanger dismissed Aurora Loan Services with prejudice pursuant to a Rule 41(a)(1) dismissal. <u>See</u> Doc. Nos. 17, 18.  Thereafter, Plaintiff filed several amended complaints.  The operative complaint is the Third Amended Complaint ("TAC").  <u>See</u> Doc. No. 100.

　　　　Defendants Stephanie Guinagh (misidentified as "Stephanie Ruiz") (hereinafter "Guinagh"), Norberto Ruiz (hereinafter "Ruiz"), and Family Lending Center, Inc. (hereinafter "FLC") (these three defendants collectively hereinafter "FLC Defendants") filed an answer to the TAC on March 2, 2012, and had previously filed an answer to the Second Amended Complaint

1 ("SAC"). See Doc. Nos. 94, 102.  However, prior to the filing of both the SAC and the TAC, the
2 clerk made an entry of default against the FLC Defendants with respect to the First Amended
3 Complaint ("FAC").  See Doc. Nos. 67, 85.  The entries of default are based on the FLC
4 Defendants' failure to file an answer to the FAC.  Guinagh and Ruiz had been served pursuant to
5 publication on July 6, 2011.  See Doc. Nos. 75, 76.

6       On March 12, 2012, Plaintiff filed a motion to strike the FLC Defendants' answer due to
7 the clerk's prior entries of default.  Plaintiff also requests that the Court strike discovery that was
8 served upon him because discovery is premature.  On March 28, 2012, the FLC Defendants filed
9 an opposition.  See Doc. No. 106.  As part of that opposition, the FLC Defendants request that
10 the Court vacate the entries of default and remand this case to the Fresno County Superior Court
11 because Plaintiff has dropped all federal claims.  On April 13, 2012, Plaintiff filed a reply, and
12 argued that the FLC Defendants do not have standing to request that the Court remand the matter.
13 See Doc. No. 110.

14 **Discussion**

15     *1.*    *Discovery*

16       The FLC Defendants did not respond to the request to strike the discovery that they
17 served on Plaintiff.  On April 4, 2012, the FLC Defendants filed a declaration that conceded that
18 the discovery propounded was premature and submitted in violation of Rule 26(f).  See Doc. No.
19 108.  In that declaration, the FLC Defendants state that they have no intention of seeking to
20 compel answers until after the time set by Rule 26.  See id.  The Court takes Doc. No. 108 and
21 the failure to respond to Plaintiff's motion on this point as a concession that the discovery should
22 be stricken.  Accordingly, the discovery propounded on Plaintiff by the FLC Defendants will be
23 stricken.

24     *2.*    *Supplemental Jurisdiction*

25       As indicated above, this case was removed on the basis of federal question jurisdiction.
26 See Doc. No. 1.  However, neither the FAC, nor the SAC, nor the TAC contain any federal
27 causes of action, and there is no allegation that the Court has diversity jurisdiction.  See Doc.
28 Nos. 54, 90, 100.  In fact, the allegations indicate that Plaintiff and Defendants are citizens of

California.  See id.  The basis for this Court's jurisdiction in this matter is now supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise jurisdiction over supplemental state law claims if "the district court has dismissed all claims over which it has original jurisdiction."  The general rule is "when federal claims are dismissed before trial . . . pendent state claims should also be dismissed."  Religious Tech. Ctr v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992); Scholar v. Pacific Bell, 963 F.2d 264, 268 n.4 (9th Cir. 1992).  When removal is based on the presence of a federal cause of action, a district court may remand pendent or supplemental state law claims to the state court once the federal claims have been eliminated.  See Lee v. City of Beaumont, 12 F.3d 933, 937 (9th Cir. 1993).  In fact, "it is generally preferable for a district court to remand remaining pendent claims to state court."  Id.

Plaintiff argues that remand is not appropriate because, due to the entry of default, the FLC Defendants do not have standing to request remand.  However, the issue of whether to decline supplemental jurisdiction under § 1367(c)(3) may be raised by the parties or raised *sua sponte* by the district court.  See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997); Ballard v. Equifax Check Servs., Inc., 186 F.R.D. 589, 599 (E.D. Cal. 1999).  Thus, it is unnecessary for any party to request the Court to decline supplemental jurisdiction.

Plaintiff also argues that the notice of removal remains intact on the basis of a federal question, and the amended complaints do not affect the removal.  To the extent that Plaintiff argues that the amended complaints do not affect the propriety of Aurora's original federal question removal, he is correct.  See Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006); Sparta Surgical Corp. v. NASD, 159 F.3d 1209, 1213 (9th Cir. 1998).  However, because the amended complaints allege only state law claims and have removed all federal causes of action, those complaints give the Court discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).  See Williams, 471 F.3d at 977; Wagner v. City of N. Las Vegas, 2011 U.S. Dist. LEXIS 71513, *2-*4 (D. Nev. June 29, 2011).

Considering judicial economy, convenience, fairness, and comity, and because the only federal claims in this case have been voluntarily dismissed, the Court will decline to exercise

supplemental jurisdiction over Plaintiff's remaining state law claims.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Lee, 12 F.3d at 936; Religious Tech., 971 F.2d at 367-68.  This case involves California state law claims between what appear to be California citizens, and, despite this case having been filed in 2009, it is in the very early stages as no discovery has occurred.  The Court does not see why the entries of default would require the retention of supplemental jurisdiction.  See Kach v. Hose, 589 F.3d 626, 650-51 (3d Cir. 2009); Richardson v. City of Marion, 2010 U.S. Dist. LEXIS 123060, *12, *26-*28 (D. S.C. Nov. 18, 2010); DLJ Mortg. Capital, Inc. v. Kontogiannis, 726 F. Supp. 2d 225, 232 n.5, 239-40 (E.D. N.Y. 2010); McQuirter v. City of Montgomery, 2008 U.S. Dist. LEXIS 10319, *6-*7, *20  (M.D. Ala. Feb. 12, 2008).  Therefore, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims in this case pursuant to § 1367(c)(3) and will remand this case to the Fresno County Superior Court.  See Kach, 589 F.3d at 650-51; Williams, 471 F.3d at 977; Lee, 12 F.3d at 937; Wollersheim, 971 F.2d at 367-68.

**Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The discovery propounded on Plaintiff by the FLC Defendants is STRICKEN;
2. The Court DECLINES to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3);
3. This matter is REMANDED forthwith to the Fresno County Superior Court; and
4. Plaintiff's motion to strike Defendants' answer (Doc. Nos. 104 & 105) and Defendants' request to set aside entry of default (Doc. No. 106) are DENIED without prejudice to refiling in the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:     August 27, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE